# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.                         **CASE NO. 19-10127-02-JWB**

**NANA AMARTEY BAIDOOBONSO-IAM,**
    a/k/a NANA I AM,
    a/k/a NANA A. IAM,
    a/k/a NANA AMARTEY BAIDOOBONS Stipulation OIAM,
    a/k/a NANA BAIDOBONSOIAM,

      **Defendant.**

## RESPONSE OF THE UNITED STATES TO DEFENDANT'S SENTENCING MEMORANDUM, Doc. No. 140

Comes now the United States of America, by and through United States Attorney Duston J. Slinkard and Assistant United States Attorney Alan G. Metzger, and responds to the defendant's sentencing memorandum. The defendant asserts that: a) the PSR incorrectly identifies the amount of loss in this matter, and if the PSR correctly identifies the loss, then the Court should downward depart or vary from the Sentencing Guidelines, and b) the obstruction enhancement should not be applied, rather the Court should find that the perjury guideline, *U.S.S.G.* §2J1.3 is the correct guideline the court should follow. The defendant requests the Court find the applicable Offense Level for the Mail Fraud Conviction is 13, and the Offense Level for the False Claim in a Bankruptcy Proceeding is 14, and therefore the defendant should be sentenced to a term of time served. The government opposes this request.

A. *U.S.S.G.* Offense Level for Count One Conviction, Mail Fraud.

The defendant argues that Probation incorrectly identifies the intended loss in this matter serving as the basis for the defendant's Offense Level. For the reasons stated below the United States asserts that the PSR correctly identifies the loss in this matter as $1,890,000.00.[1]

The defendant's sentencing memorandum objects to the amount of loss attributed to the defendant in his *Pre-Sentence Investigation Report,* claiming that 1) the defendant knew the amount claimed in the Involuntary Petition in Bankruptcy was false, and, therefore, the defendant could not have intended a loss for an amount which he knew to be false. This claim is contrary to the definition of intended loss as defined by the *United States Sentencing Guidelines.* The loss upon which the Court is to base the defendant's Offense Level is found at *U.S.S.G.* §2B1.1 and is to the higher of the actual or intended loss. A defendant's intended loss includes the pecuniary harm which a defendant seeks to inflict, and includes pecuniary harms which may have been impossible or unlikely to occur. *U.S.S.G.* § 2B1.1, Application Note 3. An intended loss includes "pecuniary harm that the defendant knew … was a potential result of the offense." *Id.,* Application Note 3 (A)(iv). The evidence at trial established that the defendant was aware of the potential ramifications of filing an involuntary petition in bankruptcy against Mr. Wolf. He knew that his request for relief under Chapter 7 of the Bankruptcy Code could result in a trustee marshalling Mr. Wolf's assets, gaining control of his business and then liquidating those assets in an effort to pay the amount of the claims being made against Mr. Wolf, $1,890,000.00.

---

[1] The defendant made largely the same arguments in his objections to the PSR. The United States adopts its response to those arguments, as well as Probation's response, in support of a loss calculation of $1,890,000 resulting in a *U.S.S.G.* §2B1.1 Offense Level of 23; Base offense level of 7, with a 16 point enhancement for a loss in excess of $1,500,000.00.

Thus, the intended loss identified by the *Pre-Sentence Report*, $1,890,000.00, is the loss attributable to the defendant, and the Report correctly identifies the Offense Level associated with that loss as 23.

In addition to the offense level for the loss amount intended by the defendant, his offense level should include an enhancement for the defendant's obstruction of justice. The defendant objects to this enhancement claiming that the August 2012 Short Form Deed of Trust documentary support for his claim that Gladys Gonzalez gave him an interest in her home. The defendant's arguments ignore, however, the evidence presented at trial; e.g. Ms. Gonzalez' testimony that she did not know the defendant in 2012 and first met him in 2016; that the Short Form Deed of Trust actually identified Ms. Gonzalez by two different names, and the original notarization was marked as void. The defendant's testimony that Ms. Gonzalez deeded him an interest in her property in 2012 was clearly an attempt to provide factual support for his claim that Mr. Wolf owed him and Ms. Gonzalez the sum of $1,890,000.00. Such a representation was an attempt to interfere with the prosecution of this matter, and this enhancement is clearly designed for false statements made by a defendant during trial. Application Note 2 of *U.S.S.G. §*3C.1.1 cautions the court that sometimes "false testimony" may be the result of confusion, mistake or faulty memory, but in this matter, the defendant testified that Ms. Gonzalez gave him a $250,000 interest in her home in August of 2012. Such testimony was not the result of confusion, mistake or a faulty memory, and the enhancement for obstruction is applicable.

The defendant also argues that the obstruction enhancement is consumed by his conviction for making a false statement to the bankruptcy court, however, this argument ignores the defendant's conviction for mail fraud, and as to this conviction, the enhancement is clearly applicable.

3

B. <u>Applicability of a Downward Departure or Variance.</u>

The defendant seeks a downward departure or variance under the doctrine of economic reality. The defendant's sentencing memorandum argues that a departure or variance should be granted because his scheme was "obviously doomed to fail," *Sentencing Memorandum,* Doc. No. 140, at 6, and therefore the economic reality doctrine should reduce the amount of loss attributable to the defendant.

The evidence at trial, however, established that the defendant's scheme was not necessarily doomed to failure. Assistant United States Trustee, Jordan Sickman, testified that if Mr. Wolf had not contested the petition, that a Bankruptcy Trustee would have been appointed and this trustee would have assumed control of Mr. Wolf's business and began the process of liquidating Mr. Wolf's assets. Without the proactive steps taken by Mr. Wolf, the Bankruptcy Court would have appointed a trustee who would have proceeded to marshal Wolf's assets and pay Wolf's debts, thereby belying the claim that the defendant's claim was doomed to failure

However, the victim has decided to not provide evidence regarding his ability to pay the entirety, or a portion of, the claims made by the defendant. As a result, the government agrees that the doctrine may be applicable in this matter. Given the victim's decision to not provide evidence on this issue, the only evidence the United States has regarding the loss in this matter is the information provided by the victim to Probation regarding his actual loss. Thus, the United States agrees that the Court may vary downward in determining the amount of loss, however, in its determination of the applicable loss in this matter, the Court may base its decision upon a reasonable estimate of the loss. *PSR*, Doc. No. 139, ¶ 155.

C. The 18 U.S.C. 3553 Sentencing Factors Impact Upon a Downward Departure of Variance.

Although a downward departure or variance may be appropriate in this matter, the United States suggests that a departure or variance to a sentence of time served, would not be an appropriate sentence.

As the Court is aware, the defendant has a criminal history of fraudulent conduct, and of abusing the court system for more than a decade. In 2010, a State Court in California declared the defendant to be a vexatious defendant, due to his abuse of those courts. During trial of this matter, the defendant testified about his eleven different personal bankruptcy proceedings, which were in addition to the Involuntary Petition filed against Mr. Wolf. He testified that each of his personal bankruptcy's had been dismissed due to his failure to comply with the court's rules. In addition to these bankruptcies, the defendant filed a proceeding in the United States District Court for the Central District of California against Mr. Wolf and others and this proceeding was also dismissed, with prejudice, due to the defendant's failure to respond to various motions filed by the defendants in that case.

The government submits that should the Court find the Offense Level for Count One is 13, that the defendant's decade long abuse of the judicial system is evidence of his "history and characteristics" which warrant an upward departure. The United States would suggest an enhancement of one point for every two of the suits identified during the trial of this matter; 11 bankruptcy cases, 1 federal court case, and the California State court case which led to the declaration that the defendant was a vexatious litigant, for a total of 13 cases or 6 additional offense level points. This would result in an Offense Level of 19, and a sentencing range of 33 to 41 months.

The United States would recommend a sentence at the high end of the sentencing range to account for the "13th" case, or a sentence of 41 months.

Similarly, the action filed by the defendant in the Central District of California asserted almost identical claims to those advanced by the defendant in the involuntary bankruptcy proceeding he filed against Mr. Wolf. These claims had been dismissed with prejudice. Therefore, the circumstances which led to the defendant's mail fraud conviction in this matter warrant a sentence more severe than that of "time served."

Wherefore, the United States prays that the defendant be sentenced to a 41 month term of imprisonment.

Respectfully submitted,

DUSTON J. SLINKARD
Acting United States Attorney

s/ Alan G. Metzger
ALAN G. METZGER
Ks. S.Ct. No. 10143
Assistant United States Attorney
District of Kansas
301 N. Main, Suite 1200
Wichita, Kansas 67202
(316) 269-6481
(316) 269-6484 (FAX)
alan.metzger@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Paul S. McCausland, attorney for defendant.

s/ Alan G. Metzger
ALAN G. METZGER
Assistant U.S. Attorney